UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

FIRST UNUM LIFE INSURANCE COMPANY,

               Plaintiff,

                                              ORDER

        - against -                   CV 06-3231 (BMC)(MDG)

SHARON FORBES WAITE,

               Defendant.

- - - - - - - - - - - - - - - - - -X

    Defendant Sharon Waite, <u>pro se</u>, moves for assignment of counsel pursuant to 28 U.S.C. § 1915(e). Counsel for defendant does not oppose the application.

    The Second Circuit in <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir. 1986) and <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170 (2d Cir. 1989), discussed the factors to be considered in determining whether counsel should be assigned to an indigent litigant. The court must first determine whether the litigant's case is "likely to be of substance." <u>Cooper</u>, 877 F.2d at 172. If the litigant meets this threshold requirement, the court should consider other pertinent factors, including: (1) the litigant's ability to obtain representation independently, (2) her ability to handle the case without assistance, (3) the complexity of legal issues involved, and (4) the need for expertly conducted cross-examination. <u>Id.</u>

    After review of the prior proceedings in this action, I find that the requirements for court appointed counsel have been met. First, defendant Waite has made a sufficient showing to satisfy

the threshold requirement that her defenses are "of substance." Plaintiff alleges that Ms. Waite has received an overpayment of benefits under its long-term disability policy as a result of her receipt of social security and workers' compensation benefits. However, Ms. Waite disputes the amount of government benefits she has received and the amount that should be offset against her long-term disability benefits. While the legal issues in this case are not especially complex, the Court notes that Ms. Waite has complained that she does not understand many of the documents sent to her by plaintiff's counsel. Moreover, although Ms. Waite has demonstrated, in written submissions and in appearances before this Court, that she is capable of articulating her positions, the Court finds that the appointment of counsel will assist in reaching a just result. Accordingly, Ms. Waite's application for appointment of counsel is granted.

The Clerk of the Court is directed to appoint counsel from this Court's Pro Bono Panel. Appointed counsel should promptly file a notice of appearance, with a copy sent to me and to counsel for plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
July 11, 2007

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

cc: Pro Se Clerk